IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFREDO GOMEZ,

        Plaintiff,                    No. CIV S-11-0649 DAD P

    vs.

MIKE McDONALD et al.,

        Defendants.          <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified fifteen defendants, including California Department of Corrections and Rehabilitation Secretary Matthew Cate and High Desert State Prison Warden Mike McDonald. In his lengthy complaint, plaintiff alleges that on October 6, 2009, he was placed in administrative segregation because prison officials believed he was a

3

1 member of the "2-5" gang. According to plaintiff, prison officials refused to provide him with
2 basic necessities, including toilet paper, soap, toothbrush, and toothpaste for several days. In
3 addition, for more than one month, prison officials provided him with only a thin sheet, which
4 did not provide him with adequate insulation against cold temperatures inside his cell. On May
5 26, 2010, prison officials released plaintiff from administrative segregation and allowed him to
6 return to the general population. However, as a result of prison officials' conduct, plaintiff
7 alleges that his fellow inmates now believe his is a member or an associate of the "2-5" gang and
8 have openly shunned him. Based on these allegations, plaintiff asserts twenty-five federal and
9 state law claims against the defendants in connection with his placement in administrative
10 segregation. In terms of relief, he requests monetary damages and injunctive and declaratory
11 relief. (Compl. at 1-54.)

**DISCUSSION**

13      The allegations in plaintiff's complaint are so vague and conclusory that the court
14 is unable to determine whether the current action is frivolous or fails to state a claim for relief.
15 The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
16 Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
17 the defendants and must allege facts that support the elements of the claim plainly and succinctly.
18 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege
19 with at least some degree of particularity overt acts which defendants engaged in that support his
20 claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
21 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an
22 amended complaint.

23      If plaintiff chooses to file an amended complaint, he must allege facts
24 demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal
25 constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The
26 amended complaint must allege in specific terms how each named defendant was involved in the

deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, if plaintiff chooses to file an amended complaint, the court cautions him about naming supervisory officials such as Matthew Cate as defendants in this action. Plaintiff is advised that the Ninth Circuit has recently reaffirmed that a supervisory defendant may be held liable under § 1983 only "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'"  Starr v. Baca, __ F.3d __, ___, 2011 WL 2988827, at *4 (9th Cir. July 25, 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).  In this case, it does not appear that any of the named supervisory defendants were personally involved in the alleged deprivation of plaintiff's constitutional rights.  In this regard, to the extent that plaintiff wishes to proceed against any supervisory defendants, he will need to allege facts in his amended complaint  clarifying the causal connection between such defendants and his alleged constitutional deprivations.  It is not enough for plaintiff to merely state at the end of each of his claims that the supervisory officials should be "liable for their own action or inaction in the training, supervision or control of subordinates. . . ."

Finally, if plaintiff chooses to file an amended complaint, the court advises him of the following legal standards that appear to govern his primary claims.  Insofar as plaintiff wishes to proceed on a due process claim, he is advised that  although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," those circumstances are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v.

5

Conner, 515 U.S. 472, 483-84 (1995). In any amended complaint plaintiff elects to file, he will need to specify which defendants he believes denied him due process and explain how each defendant's conduct imposed an "atypical and significant hardship" on him. Plaintiff is cautioned, however, that temporary losses of privileges do not "present a dramatic departure from the basic conditions" of prison life. Id. at 486.

Insofar as plaintiff wishes to proceed on an Eighth Amendment claim, he is advised that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). However, neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319. What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). In any amended complaint plaintiff elects to file, he will need to allege facts showing that objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Plaintiff is cautioned that the routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry. Only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

Insofar as plaintiff wishes to proceed against any of the defendants for the way in which they processed his inmate appeals, he is advised that prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. It is well established that "inmates lack a separate constitutional entitlement to a

1  specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)
2  (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). See also, e.g., Wright v. Shannon,
3  No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's
4  allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable
5  claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL
6  5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to
7  timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment);
8  Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov.
9  20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any
10 basis failed to indicate a deprivation of federal rights).

11        Finally, plaintiff is informed that the court cannot refer to a prior pleading in order
12 to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
13 complaint be complete in itself without reference to any prior pleading. This is because, as a
14 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
15 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
16 longer serves any function in the case. Therefore, in an amended complaint, as in an original
17 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

19        Accordingly, IT IS HEREBY ORDERED that:
20        1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.
21        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
22 The fee shall be collected and paid in accordance with this court's order to the Director of the
23 California Department of Corrections and Rehabilitation filed concurrently herewith.
24        3. Plaintiff's complaint is dismissed.
25        4. Plaintiff is granted thirty days from the date of service of this order to file an
26 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
2 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
3 amended complaint in accordance with this order will result in a recommendation that this action
4 be dismissed without prejudice.

5      5. The Clerk of the Court is directed to send plaintiff the court's form for filing a
6 civil rights action.

7 DATED: October 11, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

10 DAD:9
gome0649.14a

8