1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AFREDO GOMEZ,                                   No.  2:11-cv-0649 LKK DAD P

12                   Plaintiff,

13        v.                                         ORDER

14   MIKE McDONALD et al.,

15                   Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983.  Several motions filed by the parties are pending before the court.

19                                        **BACKGROUND**

20        Plaintiff is proceeding on an amended complaint against defendants Davey, Domondan,

21   Gower, Sanders, and Van Leer.  Therein, plaintiff alleges that on October 6, 2009, defendants

22   placed him in a Single Cell Unit/Special Purpose Segregation Unit ("SCU/SPSU") and retained

23   him there for eight months because they believed he was a member of the 2-5 disruptive group.

24   While segregated, plaintiff alleges that defendants refused to inform him of any disciplinary

25   charges being brought against him or of their reasons for holding him in segregation him and did

26   not provide him with an informal non-adversary hearing to allow him to present his views.

27   Plaintiff also alleges that while held in segregation defendants denied him outdoor exercise,

28   forced him to stay in a cell in which the temperature averaged only 35 degrees, and refused to

1    provide him with personal hygiene necessities.  Plaintiff alleges that on May 25, 2010, defendants

2    asked him to sign a document stating that he had no intention of participating in any 2-5

3    activities.  Plaintiff signed the document, and two days later, he was returned to the general

4    population at the institution where he was incarcerated.  (Am. Compl. Attach. at 6-32.)

5        On July 31, 2012, the court found that plaintiff's amended complaint appeared to state

6    cognizable claims for relief against defendants Davey, Domondan, Gower, Sanders, and Van

7    Leer.  Specifically, the court found that plaintiff's amended complaint appeared to state a

8    cognizable claim against those defendants for denial of plaintiff's right to due process under the

9    Fourteenth Amendment in connection their alleged involvement with his placement and retention

10   in an SCU/SPSU.  In addition, the court found that plaintiff's amended complaint appeared to

11   state a cognizable claim against defendants Davey, Gower, and Van Leer for cruel and unusual

12   punishment under the Eighth Amendment for their alleged involvement in denying plaintiff

13   outdoor exercise, placing him in a cold cell, and refusing to provide him with personal hygiene

14   items.  Finally, however, the court found that plaintiff's amended complaint did not state

15   cognizable claims for relief against defendant Chapman or for the alleged denial of equal

16   protection under the Fourteenth Amendment, denial of religious freedom under the First

17   Amendment, retaliation under the First Amendment, and conspiracy.  (Doc. No. 9)

18       On December 18, 2012, defendants filed a motion to dismiss, arguing that plaintiff's

19   amended complaint fails to state any cognizable claim.  (Doc. No. 18)  On July 23, 2013, the

20   undersigned issued findings and recommendations, recommending that defendants' motion to

21   dismiss be denied.  (Doc. No. 28)  On August 26, 2013, the assigned district judge adopted those

22   findings and recommendations in full.  (Doc. No. 29)  On September 12, 2013, defendants filed

23   an answer to plaintiff's amended complaint.  (Doc. No. 30)  On September 23, 2013, the court

24   issued a discovery and scheduling order in this matter.  (Doc. No. 31)

25                              **THE PARTIES' PENDING MOTIONS**

26   I. Plaintiff's Motion to Deem Facts in the Amended Complaint Admitted

27       Plaintiff has filed a motion to deem facts in the amended complaint admitted because, in

28   plaintiff's view, defendants' answer did not properly admit or deny certain allegations, or

1    defendants merely asserted "a sham" of a claim that they lack information and belief as to factual

2    content for which defendants purportedly have first-hand knowledge.  (Pl.'s Mot. to Deem Facts

3    Admitted at 1-8.)  Defendants have opposed the motion, and plaintiff has filed a reply.

4         Under Rule 8(b) of the Federal Rules of Civil Procedure, a party in responding to a

5    pleading must "admit or deny the allegations asserted against it by an opposing party."  Fed. R.

6    Civ. P. 8(b)(1)(B).  Under Rule 11(b), "a party certifies that . . . the denials of factual contentions

7    are warranted on the evidence or, if specifically so identified, are reasonably based on belief or

8    lack of information."  Fed. R. Civ. P. 11(b)(4).

9         Here, the court agrees with defense counsel's observation that many of the allegations that

10   plaintiff believes defendants failed to properly answer relate to claims that the court already found

11   are not cognizable or are related to prison officials who are not named defendants in this action.

12   (See Am. Compl. at 7-8.)  Plaintiff is advised that defendants were not required to respond to

13   plaintiff's allegations in connection with claims this court previously found fail to state a

14   cognizable claim.  See  Fed. R. Civ. P. 8(b)(1)(B) (responding party must "admit or deny the

15   allegations asserted against it . . . .")  Nor were defendants required to respond to allegations

16   concerning the alleged conduct of other prison officials not named as defendants.  (Id.)  Finally,

17   defendants were not required to respond to plaintiff's allegations concerning events that allegedly

18   took place at different prisons well before the named defendants had any contact with plaintiff.

19   (Id.)

20        Moreover, as to defendants' assertion of lack information and belief as to certain factual

21   allegations made by plaintiff, courts have deemed an assertion of lack of knowledge in an initial

22   answer as an admission only in extreme circumstances, primarily, after a party persists in

23   disclaiming knowledge throughout the adjudication of claims.  See Gallagher v. England, No.

24   CIVR 050750 AWI SMS, 2005 WL 3299509 at *4-*5 (E.D. Cal. Dec. 5, 2005) (discussing cases

25   involving "extreme circumstances" of parties claiming lack of knowledge to contrast a party's

26   acceptable assertion of lack of knowledge in an initial answer).  Defendants have not disclaimed

27   knowledge throughout the adjudication here, and in fact, they have recently filed a detailed

28   motion for summary judgment addressing the merits of plaintiff's case.  (Doc. No. 55)

3

1    Finally, as defense counsel argues, defendants explicitly state in the first paragraph of

2    their answer that any allegations that they do not expressly admit, they deny.  (Defs.' Opp'n to

3    Pl.'s Mot. to Deem Facts Admitted at 2-3.).  Under Rule 8(b)(3), the defendants are permitted to

4    "generally deny all [allegations] except those specifically admitted."  Fed. R. Civ. P. 8(b)(3).  See

5    generally 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1266 (Dec.

6    2013).

7    Accordingly, for these reasons, the court will deny plaintiff's motion to deem facts in the

8    amended complaint admitted.

9    II.  Plaintiff's Request for Sanctions

10   Plaintiff has also filed a request for sanctions against defendants for not timely opposing

11   his motion to deem facts in the amended complaint admitted.  Plaintiff contends that, under the

12   mailbox rule, he filed his motion with the court on September 22, 2013, and defendants did not

13   file their opposition until October 17, 2013.  (Pl.'s Req. for Sanctions at 1-2.)  Defendants have

14   opposed plaintiff's request for sanctions, and plaintiff has filed a reply.[1]

15   Whenever a prisoner uses the prison's internal mail system, the court considers the date

16   the prisoner turns over his filing to prison authorities for mailing the filing date.  See Houston v.

17   Lack, 487 U.S. 266, 270 (1988).  The court applies this so-called "mailbox rule" to pro se

18   prisoner legal filings to ensure that their filings are not unfairly barred as untimely due to delays

19   beyond their control.  See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).  The mailbox

20   rule, however, is not intended for use against an opposing party to prevent the court from

21   considering that party's filings.  See Brown v. Kyle, No. 1:04-cv-06539 AWI SKO PC, 2011 WL

22   3358967 at *1 (E.D. Cal. Aug. 3 2011).

23   Based on the record before the court, defense counsel received service of plaintiff's

24   motion via the court's electronic filing service on September 27, 2013.  Defendants then filed

---

[1] In plaintiff's reply in support of his motion to deem facts in the amended complaint admitted,
plaintiff asks to withdraw his request for sanctions.  However, plaintiff subsequently filed a reply
in support of his request for sanctions in which he persists with his argument that the court should
grant his request for the imposition of sanctions.  Under these circumstances, the court will
proceed as though plaintiff wishes to pursue his request for sanctions.

4

1  their opposition to the motion twenty days later on October 17, 2013.  Under Local Rule 230(l),

2  "[o]pposition, if any, to the granting of the motion shall be served and filed by the responding

3  party not more than twenty-one (21), days after the date of service of the motion."  See E.D. Cal.

4  Local Rule 230(l).  Given that this court, and therefore presumably defense counsel, did not

5  receive plaintiff's motion by mail until September 27, 2013, the court finds that defendants timely

6  filed their opposition to plaintiff's motion to deem facts in the amended complaint admitted on

7  October 17, 2013.

8         Accordingly, the court will deny plaintiff's request for sanctions.

9  III.  Defendants' Motion to Strike

10        Defendants have filed a motion to strike plaintiff's opposition to their previously-filed

11  motion for an extension of time on the grounds that plaintiff's motion to strike is an unauthorized

12  pleading and is now moot.  On November 6, 2013, defendants filed a request for an extension of

13  time to respond to plaintiff's discovery requests, sets one and two.  On November 8, 2013, the

14  court granted defendants' request.  On November 15, 2013, seven days after the court issued its

15  order, plaintiff filed his "conditional opposition" to defendants' request for an extension of time

16  and asserted that he would not oppose defendants' request if defendants were willing to respond

17  to his discovery requests without objections.  (Defs.' Mot. to Strike at 3.)  Plaintiff has opposed

18  defendants' motion to strike, and defendants have filed a reply.

19        Local Rule 144(c) provides:

20             The court may, in its discretion, grant an initial extension ex parte
               upon the affidavit of counsel that a stipulation extending time
21             cannot reasonably be obtained, explaining the reasons why such a
               stipulation cannot be obtained and the reasons why the extension is
22             necessary.

23  Local Rule 144(c).

24        In this case, defendants' initial request for an extension of time to respond to plaintiff's

25  discovery requests showed good cause and complied with Local Rule 144.  Moreover, on

26  December 5, 2013, defense counsel served plaintiff with responses to all of his discovery

27  requests.  (Defs.' Reply, Bajwa Decl.)

28  /////

1    Accordingly, the court will grant defendants' motion to strike and strike plaintiff's

2    "conditional opposition" as having been rendered moot.

3    IV.  Plaintiff's Motion to Strike

4    The court now turns to plaintiff's motion to strike affirmative defenses in defendants'

5    answer.  In the motion, plaintiff seeks to strike various affirmative defenses as redundant or

6    because they fail to provide plaintiff with fair notice with respect to their application to his

7    claims.  (Pl.'s Mot. to Strike at 4-13.)  Defendants have opposed the motion, and plaintiff has

8    filed a reply.

9    Rule 12(f) of the Federal Rules of Civil Procedure provides:

10    Motion to Strike.  The Court may strike from a pleading an
      insufficient defense or any redundant, immaterial, impertinent, or
11    scandalous matter.  The court may act:

12    (1) on its own; or

13    (2) on motion made by a party either before responding to
      the pleading or, if a response is not allowed, within 21 days
14    after being served with the pleading."

15    Fed. R. Civ. P. 12(f).

16    Here, defendants filed and served their answer on September 12, 2013.  Plaintiff did not

17    file his motion to strike until December 20, 2013, well outside of the 21-day time period allowed

18    to file a motion to strike.  The court will therefore sua sponte decline to consider striking

19    defendants' affirmative defenses.  See Fed. R. Civ. P. 12(f)(1).  Accordingly, plaintiff's motion to

20    strike is denied.

21    V.  Plaintiff's Motion to Modify the Scheduling Order

22    Finally, plaintiff has filed a motion to modify the previously issued discovery and

23    scheduling order in this case to allow the parties an additional sixty days to resolve discovery

24    disputes.  In the motion, plaintiff contends that this court previously granted defendants thirty

25    days to serve plaintiff with responses to his discovery requests, and that extension of time left him

26    with only thirty days to review defendants' objections and research their applicability to the

27    discovery requests.  Plaintiff contends that he made a diligent effort to resolve all discovery

28    disputes informally with defense counsel to no avail.  (Pl.'s Mot. to Modify the Discovery &

6

1   Scheduling Order at 4-7.)  Defendants have opposed plaintiff's motion to modify the discovery

2   and scheduling order, and plaintiff has filed a reply.

3        Under Rule 16 of the Federal Rules of Civil Procedure, the court may modify the

4   scheduling order for "good cause."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard

5   "primarily considers the diligence of the party seeking the amendment."  See Johnson v.

6   Mammoth Re-creations, 975 F.2d 604, 608 (9th Cir. 1992).  In this regard, the court may modify

7   a scheduling order deadline "if it cannot reasonably be met despite the diligence of the party

8   seeking the extension."  Id.  See also Zivkovich v. Southern California Edison Co., 302 F.3d

9   1080,  1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry

10  should end' and the motion to modify should not be granted.").

11       Here, the court finds that plaintiff has demonstrated diligence in complying with the

12  original dates set forth in the court's discovery and scheduling order and that plaintiff has

13  established "good cause" to modify the discovery deadline to allow him thirty days to file a

14  motion to compel.  Although plaintiff has requested an additional sixty days to conduct discovery,

15  plaintiff only seeks sixty additional days because he believes the parties need that time to comply

16  with Local Rule 251 (a)-(c).  As stated in the court's discovery and scheduling order, however,

17  Local Rule 251 does not apply to this action.  (Doc. No. 31)

18       Accordingly, the court will grant plaintiff's motion to modify the discovery and

19  scheduling order in part and allow him an additional thirty days to file a motion to compel if he so

20  desires.  In addition, on March 21, 2014, defendants filed a motion for summary judgment.  The

21  court will relieve plaintiff of the obligation to file an opposition to defendants' motion for

22  summary judgment until thirty days after the court rules on his motion to compel or thirty days

23  after expiration of the time granted to plaintiff to file a motion to compel in the event he fails to

24  file such a motion.

25                               **CONCLUSION**

26       Accordingly, IT IS HEREBY ORDERED that:

27       1.  Plaintiff's motion to deem facts in the amended complaint admitted (Doc. No. 32) is

28  denied;

2.   Plaintiff's request for sanctions (Doc. No. 34) is denied;

3.   Defendants' motion to strike (Doc. No. 43) is granted.  Plaintiff's conditional opposition (Doc. No. 42) is stricken as moot.

4.   Plaintiff's motion to strike (Doc. No. 47) is denied; and

5.   Plaintiff's motion to modify the court's discovery and scheduling order (Doc. No. 49) is granted in part.  Plaintiff is granted thirty days from the date of this order to file a motion to compel if he so desires.  Plaintiff is also relieved of the obligation to file an opposition to defendants' motion for summary judgment until thirty days after the court rules on any forthcoming motion to compel or thirty days after expiration of the time to file such a motion. Except as provided in this order, the court's September 23, 2013 discovery and scheduling order remains in effect.

Dated:  April 1, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gome0649.mots

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28