UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFREDO GOMEZ,

Plaintiff,

v.

MIKE McDONALD et al.,

Defendants.

No. 2:11-cv-0649 KJM DAD P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel. Defendants have filed an opposition to the motion, and plaintiff has filed a reply.

For the reasons discussed below, the court will not require defendants to provide further substantive responses to plaintiff's discovery requests. However, the court will require defense counsel to re-serve defendants' responses to plaintiff's document requests with the properly verified signatures.

**BACKGROUND**

Plaintiff is proceeding on an amended complaint against defendants Davey, Domondan, Gower, Sanders, and Van Leer. Therein, plaintiff alleges as follows. On October 6, 2009, defendants placed him in a Single Cell Unit/Special Purpose Segregation Unit ("SCU/SPSU") and retained him there for eight months because they believed he was a member of the 2-5

disruptive group. While segregated, plaintiff alleges that defendants refused to inform him of any disciplinary charges being brought against him or of their reasons for holding him in segregation and did not provide him with an informal non-adversary hearing to allow him to present his views. While plaintiff was held in segregation defendants also denied him outdoor exercise, forced him to stay in a cell in which the temperature averaged only 35 degrees, and refused to provide him with personal hygiene necessities. On May 25, 2010, defendants asked him to sign a document stating that he had no intention of participating in any 2-5 activities. Plaintiff signed the document, and two days later, he was returned to the general population at the institution where he was incarcerated. (Am. Compl. Attach. at 6-32.)

At screening, the court found that plaintiff's amended complaint appeared to state cognizable claims for relief against defendants Davey, Domondan, Gower, Sanders, and Van Leer for denial of plaintiff's right to due process under the Fourteenth Amendment in connection their alleged involvement with his placement and retention in an SCU/SPSU. In addition, the court found that plaintiff's amended complaint appeared to state a cognizable claim against defendants Davey, Gower, and Van Leer for cruel and unusual punishment under the Eighth Amendment for their alleged involvement in denying plaintiff outdoor exercise, placing him in a cold cell, and refusing to provide him with personal hygiene items. (Doc. No. 9)

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff has filed a motion to compel in which he broadly argues that defendants' boilerplate objections to his discovery requests are unsupported and that the court should therefore overrule them all. In this regard, plaintiff contends that: (1) defendants' burdensome objection should be overruled because defendants did not establish the nature of any alleged burden posed by responding to his discovery requests; (2) defendants improperly invoked the official information privilege; (3) defendants' overbroad objection to his discovery requests should be overruled because defendants did not articulate a legitimate basis as to why any particular discovery request was overbroad; (4) defendants improperly invoked the attorney-client privilege; (5) defendants improperly invoked plaintiff's third-party privacy rights; (6) defendants improperly objected on grounds that certain documents were equally available to plaintiff; (7)

defendants improperly invoked the compound objection because his requests were not compound and in any event defendants could have answered them; (8) defendants' objection based on assumption of facts not in evidence is not proper during discovery; (9) defendants improperly invoked the confidential objection; (10) defendants improperly invoked vagueness as an objection; (11) defendants' relevancy objection should be overruled because defendants did not explain why the requested information was not reasonably calculated to lead to the discovery of admissible evidence; (12) defendants failed to produce documents or identify the person in custody or control of documents to allow plaintiff to obtain said documents; (13) defendants improperly objected based on plaintiff seeking discovery for dates outside the scope relevant to the lawsuit because they did not identify the dates they believe are within the boundaries of the lawsuit; (14) defendants improperly objected that plaintiff was making a statement as opposed to a discovery request in the form of an interrogatory; (15) defendants improperly objected that plaintiff's discovery requests were premised on untrue facts; and (16) defendants responses to certain discovery requests were evasive. (Pl.'s Mot. to Compel at 4-28.)

## ANALYSIS

I. Applicable Legal Standards

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

With respect to interrogatories, a party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2). A party objecting to an interrogatory must state the grounds for the objection with specificity. Fed. Civ. P. 33(b)(4). With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). A party objecting to a request for production must state the reasons for the objection. Fed. R. Civ. P. 33(b)(2)(B).

/////

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

II. Discussion

As noted above, under the Federal Rules of Civil Procedure, boilerplate objections to discovery responses do not suffice. See Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 33(b)(2)(B). In this regard, plaintiff's argument with respect to boilerplate objections is, generally speaking, well-taken. As defense counsel argues in opposition to plaintiff's motion to compel, however, in addition to defendants' attempt to preserve certain objections to plaintiff's first and second set of interrogatories and requests for production of documents, defendants did provide answers and responsive documents to plaintiff's various discovery requests. Plaintiff has not addressed in his motion to compel why defendants' substantive answers to his interrogatories are evasive or incomplete. In addition, plaintiff has not explained why the documents defendants produced in response to his discovery requests are deficient or lacking. Nor has plaintiff provided this court with a copy of the produced documents (e.g., "Gower Responses – Attachment A, Bates A1-A79") that would allow the court to assess their sufficiency.

By way of example, plaintiff takes issue with defendants' overbroad objection to his Request for Production No. 1 propounded on defendant Davey and moves the court to compel a further response from the defendant. Plaintiff's request and defendant Davey's response is as follows:

**REQUEST FOR PRODUCTION NO. 1**

> Please produce a copy of all DOCUMENTS CONCERNING a "review" (as defined in 15 CCR § 3337(a)-(d)) of PLAINTIFF'S segregation by a designated staff with a rank not less than the level of correctional Captain at any time between October 6, 2009 and May 26, 2010 at HDSP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

> Defendant objects to this request on the grounds it is vague, overly broad and assumes facts not in evidence. Due to the overbreadth, documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution, prison officials and inmates and violate privacy rights afforded to prison officials and inmates. Without waiving these objections, Defendant responds that Plaintiff was not placed in segregation but was placed in a modified lockdown program between October 6, 2009 through May 26, 2010. Non-confidential documents regarding the modified program have been produced in Defendant Gower's responses to document production, entitled as "Gower Responses – Attachment A, Bates A1-A79."

(Pl.'s Mot. to Compel Ex. B.) Plaintiff contends that defendant Davey failed to establish why this discovery request is overly broad, and therefore plaintiff believes the court should overrule the objection. However, even if the court accepts plaintiff's argument, he has not indicated why the defendant's substantive response and the documents defendant actually produced in response to this discovery request are inadequate so as to require a further response from defendant Davey.

Although the court does not hold litigants proceeding pro se to the same standard that it holds attorneys, at a minimum, plaintiff, as the moving party, has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendants' responses are disputed, (3) why he believes that defendants' responses are deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks is relevant to the prosecution of this action. This court will not examine each of plaintiff's discovery requests and each of defendants' responses thereto in order to determine whether any of defendants' substantive responses are somehow deficient. See, e.g., Gamez v. Gonzalez, No. 1:08-cv-01113 LJO GSA PC, 2015 WL 236684 at *10 (E.D. Cal. Jan. 16, 2015) ("Plaintiff may not simply assert . . . that he is dissatisfied for general reasons with Defendants' objections, and that he wants an order compelling production of documents."); Calloway v. Kelley, No. 1:11-cv-01090 LJO SAB (PC), 2014 WL 7140576 at *2 ("Plaintiff bears the burden of identifying which responses are in dispute and providing sufficient information so that the Court can discern why he is challenging the response. It is insufficient for Plaintiff to merely attach all discovery requests and responses thereto and claim he is not satisfied and request a further response.").

The court notes that it has conducted a cursory review of defendants' responses to plaintiff's discovery requests, and it appears that defendants have complied with the good-faith requirement during the discovery process. See Asea v. Southern Pacific Transportation Co., 669 F.2d 1242, 1247 (9th Cir. 1981) ("[t]he discovery process is subject to the overriding limitation of good faith obligation."). As noted above, notwithstanding their objections to plaintiff's discovery requests, defendants provided answers to plaintiff's interrogatories and have turned over numerous non-confidential documents to plaintiff in response to his requests for production. Where defendants refused to turn over documents, defense counsel made clear that they were not in possession of the documents or that plaintiff had equal access to the documents in his central file. Plaintiff is advised that this court cannot order a defendant to produce documents that do not exist or are not in the defendant's possession or control. See Fed. R. Civ. P. 34(a)(1); see also United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir.1989) (a party seeking production of documents bears the burden of showing the opposing party has control over them). Nor will the court order defendants to produce documents that are equally accessible to plaintiff in his central file. See, e.g., Quezada v. Lindsey, No. 1:10-cv-01402 AWI SAB (PC), 2014 WL 5500800 at *3 (E.D. Cal. Oct. 30, 2014) ("Since any ordinances and laws governing health and safety are public documents, which are equally available to Plaintiff, Defendants cannot be compelled to produce them."); Ford v. Wildey, No. 1:10-cv-01024 LJO SAB (PC), 2014 WL 4354600 at *4 (E.D. Cal. Sept. 2, 2014) ("Defendant indicates that any such documents are located in his central file for which Plaintiff has equal access. This response complies with Rule 34 of the Federal Rules of Civil Procedure …."); Valenzuela v. Smith, No. S 04-cv-0900 FCD DAD P, 2006 WL 403842 at *2 (E.D. Cal. Feb. 16, 2006) (defendants will not be compelled to produce documents that are "equally available to plaintiff in his prison medical file or in the prison law library.").

Finally, although the court will not require defendants to provide further substantive responses to plaintiff's discovery requests, the court agrees with plaintiff that defendants' responses to plaintiff's document requests are deficient where they are not properly verified. Specifically, defendants Gower, Davey, Van Leer, Sanders, and Domodon's responses to

plaintiff's requests for production of documents are unverified. (Pl.'s Mot. to Compel Exs. A-G.) Although there is no express requirement under Rule 34 that requires responses to requests for production of documents be signed under oath, courts have required as much where the response does not involve production of the requested documents. See, e.g., Medina v. County of San Diego, Civil No. 09cv1252 BAS (RBB), 2014 WL 4793026 at *19 (S.D. Cal. Sept. 25, 2014) (if response to production of document is not a production the party must answer under oath); Rogers v. Guirbino, No. 11-cv-560 IEG (RBB), 288 F.R.D. 469, 485 (S.D. Cal. Dec. 19, 2012) ("if defendant Kuzil-Ruan's maintains there is no relevant material in her control, she must state so under oath.") (citing Vazquez-Fernandez v. Cambridge College, 269 F.R.D. 150, 155 (D.P.R. 2010)); Bryant v. Armstrong, No. Civil No. 09cv02318 W(RRB), 285 F.R.D. 596, 609 (S.D. Cal. June 14, 2012) (same). Accordingly, the court will order defense counsel to re-serve defendants' original responses to plaintiff's document requests with the properly verified signatures.[1]

**OTHER MATTERS**

Defendants have filed a motion for summary judgment on the merits of plaintiff's claims. The court previously relieved plaintiff of having to file an opposition to defendants' motion until the court ruled on his motion to compel. In light of the discussion above, the court will now order plaintiff to file an opposition to defendants' motion for summary judgment.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Doc. No. 59) is granted in part and denied in part;

2. Within fourteen days of the date of service of this order, defense counsel shall re-serve on plaintiff defendants' original responses to plaintiff's request for production of documents with proper verified signatures;

3. Within thirty days of the date of this order, plaintiff shall file an opposition to defendants' motion for summary judgment. Failure to file an opposition will be deemed as a

[1] Plaintiff also contends that defendant Van Leer's answers to plaintiff's interrogatories are unverified. However, according to plaintiff's own Exhibit J, defendant Van Leer did in fact provide the proper verification with his responses to plaintiff's interrogatories. Accordingly, the court will not order a further response to interrogatories from defendant Van Leer.

statement of non-opposition and shall result in a recommendation that this action be dismissed pursuant Federal Rule of Civil Procedure 41(b).

Dated: January 28, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gome0649.mtc